Opinion by
Willson, J.
§ 288. Damages; for injury to feelings, recoverable when; insufficient evidence of; for injury to land and I crops; measure of; charge of court upon; duty of party wronged. This suit was instituted in the justice court of Precinct No. 2, of Collin county, before John S. Rike, J. P., by Thomas Cox, appellee, against the Missouri Pacific Railway Company, appellant, to recover the sum of $200, damages done to his lands and growing crops from the 15th c^iy of November, 1881, until the 20th day of April, 1882, on account of ajipell ant’s failure to erect stock-guards to protect his inclosure, and for throwing rocks and piles of dirt from the right-of-way of appellant *218 upon his tillable lands, and for damages done to his growing crops fend tramping his land, and for damages to corn in pens, and for trouble and vexation of mind. In justice’s court appellee recovered judgment for $200. On appeal by appellant to the county court, .and upon trial de novo, the judgment of the justice’s court was reduced to $160, from which judgment this appeal is prosecuted.
On the trial appellee was permitted to testify, over the objection of appellant, that he had been damaged by the wrongful acts complained of in his suit, from “ trouble and vexation of mind,” in the sum of $50. Also, in the charge of the court, the jury was instructed that, in estimating damages, they might consider this item of trouble .and vexation of mind. As a general rule, damages for injury done to one’s feelings are not recoverable. But in .actions for tort, when the wrongful act complained of was wanton, malicious or grossly negligent, attended with circumstances of insult, outrage or oppression, the party wronged is not limited to the rule of actual compensation, but may recover also such exemplary damages as the evidence may warrant. [Field on Damages, §§ 23, 69, 70, 71, 599, 667; Sedgwick on Dam. 38; W. & W. Con. Rep. § 255.] In a proper case, therefore, damages for “trouble and mental suffering” wrould be recoverable, but in the case before us, there was no such evidence as justified the appellee’s claim for this character of damages. There was no evidence tending to show that his fence had been wantonly or maliciously pulled^ flown, or that the appellant had been guilty of gross negligence, insult, outrage or oppression. It was not a case, under the evidence, in our judgment, which would warrant the recovery of exemplary damages, and we think the court erred in admitting the evidence objected to, and in submitting to the jury the question of such damages. Besides, the opinion of Cox, as to the amount he had been damaged, -was inadmissible. [W. &. W. Con. Ren. § 1109.] *219 In a suit such as this, for the recovery of damages for injury done to land, and to crops growing thereon, the general rule for the measure of damage is the difference between the market value of the land immediately before the injury is done, and its market value immediately after such injury. [W. & W. Con. Rep. § 445.] The crops growing upon the land are a part of the land, and in estimating .the damage done to the land, the damage done to the crops should he considered and form a part of the estimated damages to the land. [W. & W. Con. Rep. § 232.] When a crop is injured or destroyed, the measure of damage is the actual value of so much thereof as was injured or destroyed, at the time of such injury or destruction, with legal interest upon the amount from that date. [W. & W. Con. Rep. §§ 298, 482, 1139.]
In this case evidence was admitted, over objections of appellant, to prove the probable value of appellee’s crops if they had matured without being injured by the acts complained of. In other words, witnesses were permitted to estimate the damages done to said crops by. guessing at what the product of the same would have been if they had not been injured, and comparing this conjectural product with the quantity actually produced. This evidence was not admissible, and the court erred in admitting it. [W. & W. Con. Rep. §§ 482, 1139.]
In its charge, the court did not instruct the jury in the rules governing the measure of damages any farther than that they would find such damages as were the •actual, natural, proximate result of the acts, etc. This gave the jury no certain, definite rule by which to be guided in estimating the damages which yvere legally recoverable. It is the duty of the court, in all damage suits, to give definite instructions to the jury as to the correct measure of damages applicable to the facts of the case. [W. & W. Con. Rep. §§ 446, 1148.] The court’s attention was called to this omission in the charge by special charge, requested by appellant, and refused.
Another error in the charge of the court was, that it *220 authorized the jury to find damages for throwing rocks and piles of dirt upon plaintiff’s land. There was-no proof that plaintiff had been damaged in this way, and besides, plaintiff, on the trial, expressly abandoned this item of damage. Such charge was not warranted by the evidence, and was excepted to by appellant when given. [W. & W. Con. Rep. § 297.]
April 19, 1884.
We are of the opinion that, upon the facts of this case, the court should have instructed the jury that it was the duty of the plaintiff to protect himself from the wrongful act of the defendant, if he could have- done so by ordinary effort and care, or at a moderate expense, and that, upon his failure to do so, he could only recover for such loss as could not thus have been prevented. [Field on Dam. § 21.J Special charges were requested by appellant and refused by the court, which, while they were not, perhaps, strictly correct, were sufficient to call the attention of the court to this phase of the case as presented by the evidence.
Reversed and remanded.